EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>    Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP), por conducto de su Comisionado electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>    Recurridos | 2016 TSPR 219<br><br>196 DPR ____ |

Número del Caso: CT-2016-15


Fecha: 28 de octubre de 2016


Abogados de la parte Peticionaria:

> **Comisionado Electoral del PNP**
> Lcda. María Elena Vázquez Graziani
> Lcdo. Hamed G. Santaella Carlo
> Lcdo. Alfonso A. Orona Amilivia

Abogados de la parte Recurrida:

> **Comisionado Electoral del PPD**
> Lcdo. Luis E. Meléndez Cintrón
> Lcdo. Jorge Martínez Luciano
> Lcda. Alexa Rivera Medina

> **Comisionado Electoral del PPT**
> Lcda. Rosa M. Seguí Cordero

> **Comisionado Electoral del PIP**
> Lcda. Brenda Berríos Morales

> **Comisión Estatal de Elecciones**
> Lcdo. Manuel Izquierdo Encarnación
> Lcdo. Héctor E. Pabón Vega

Materia: Resolución del Tribunal con Voto Particular de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP), por conducto de su Comisionado electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>Recurridos | CT-2016-15 | Certificación Intrajurisdiccional |

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de octubre de 2016.

Examinado el *Recurso de Certificación Intrajurisdiccional* presentado por la parte peticionaria, se declara con lugar.

En virtud de la Regla 51 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, nombramos a la Hon. Aileen Navas Auger, jueza que preside el caso en el foro primario, como comisionada especial. Se le ordena celebrar una vista evidenciaria mañana y, de ser

necesario, el domingo, y a rendir un informe con sus determinaciones de hecho y conclusiones de derecho.

Dada la pronta atención que requiere este caso, la comisionada especial deberá presentar su informe ante este Tribunal el martes, 1 de noviembre de 2016, a las 3:00 p.m.

Una vez recibido el informe, las partes tendrán hasta el miércoles, 2 de noviembre de 2016, a las 3:00 p.m. para presentar sus alegatos.

Se declara con lugar además la *Moción Urgente en Auxilio de Jurisdicción* presentada por la peticionaria. A tales efectos, se ordena a la Comisión Estatal de Elecciones iniciar el proceso de recoger los votos de las personas cuyas solicitudes fueron denegadas en un sobre de objeción conforme a lo dispuesto en el *Manual de Procedimiento para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales 2016* de 11 de agosto de 2016.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo hace constar la siguiente expresión a la cual se une la Jueza Asociada señora Pabon Charneco:

> Estoy conforme con lo dispuesto en la noche de hoy por este Tribunal y en especial, con el remedio provisional provisto. Nada es más importante que asegurar que el elector ejerza su derecho al voto, y que el proceso inicie como ha sido previsto. Además, me siento confiado en que los mecanismos tradicionalmente utilizados para este tipo de expresión electoral -que son los mismos que se han de utilizar en estos sufragios- evitan cualquier intención de fraude. Esto es, al elector que, por haber solicitado ejercer su voto desde su hogar como voto encamado, su nombre aparece en una lista de excluidos. En el supuesto de que este elector pretenda votar nuevamente el día del evento electoral, su nombre aparecerá en la lista de excluidos por lo que no se le permitirá votar o, en la alternativa, votará como elector añadido a mano, para posteriormente verificar que no haya votado dos veces. Siendo así, ¿cómo conseguirá ese elector de voto encamado votar dos veces?

El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad al cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García.

La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Feliberti Cintrón proveerían no ha lugar al remedio provisional solicitado por la parte peticionaria. La Juez Asociada señora Rodríguez Rodríguez proveería no ha lugar a la certificación y al remedio provisional ordenado y permitiría que el Tribunal de Primera Instancia atienda el caso de manera rápida y expedita. El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

> El Juez Asociado señor Colón Pérez proveería No Ha Lugar a la *"Moción Urgente en Auxilio de Jurisdicción"*, así como la *"Petición de Certificación"* presentada en el caso de referencia, por entender que el peticionario no lo ha puesto en posición para rebatir la presunción de corrección que tiene la decisión emitida por la Comisión Estatal de Elecciones, la que, a su juicio, en toda su extensión, es una correcta y fundamentada, y solo tiene el propósito de garantizar la pureza del proceso electoral que se avecina, al impedir que ciertos ciudadanos y ciudadanas que forman parte de este litigio, **de forma ilegal y fraudulenta**, obtengan una ventaja indebida en las elecciones generales de 2016 al no acreditar adecuadamente que deben ser tratados como personas con impedimentos de movilidad (encamados). Véase, el Art. 9.039 de la Ley Electoral de Puerto Rico 16 L.P.R.A. sec. 4179; el "Reglamento de Voto Ausente y Voto Adelantado de Primarias 2016 y Elecciones Generales 2016" de 25 de mayo de 2016; y, el *"Manual de Procedimientos para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales"* de 11 de agosto de 2016.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>    Peticionario<br><br>    v.<br><br>Liza García Vélez, en su capacidad como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, por conducto de su Comisionado Electoral Sr. Roberto U. Aponte Berrios; Partido del Pueblo Trabajador por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>    Recurridos | CT-2016-15 |

Voto particular de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se une la Jueza Asociada SEÑORA PABÓN CHARNECO y los Jueces Asociados SEÑORES KOLTHOFF CARABALLO Y RIVERA GARCÍA

En San Juan, Puerto Rico, a 28 de octubre de 2016.

A menos de 24 horas para iniciar una de las fases más importantes del proceso electoral, este Tribunal responsablemente otorga un remedio oportuno a unos electores que reclaman su derecho al voto adelantado, por razón de su condición física. Consecuente con mi postura

de utilizar el mecanismo de la certificación en controversias relacionadas con el interés público, estoy conforme con el proceder de una Mayoría de este Tribunal.

I

En el día de hoy, el Comisionado Electoral del Partido Nuevo Progresista, Aníbal Vega Borges (Comisionado del PNP), presentó una *Moción Urgente en Auxilio de Jurisdicción,* en la cual solicitó la certificación del caso de epígrafe y un remedio para viabilizar el inicio ordenado, en el día de mañana, del proceso de votación de personas con problemas de movilidad. Ello, por tratarse de un asunto de alto interés público concerniente al derecho al voto de ciertos electores que solicitaron el voto adelantado por razón de sus condiciones de salud.[1] Ante el hecho de la proximidad del evento electoral, el Comisionado del PNP nos solicita que certifiquemos la controversia para que ésta no se torne académica y no afecte el derecho constitucional al sufragio de esos electores. En esta misma fecha, presentó el *Recurso de Certificación Intrajurisdiccional* por entender que la controversia requiere una solución urgente, y una intervención inmediata y oportuna de este Tribunal, para garantizar el

---

[1] El proceso para el voto de las personas encamadas con impedimento de movilidad que cualifiquen como electores de fácil acceso en el domicilio comienza 10 días antes de la fecha de las elecciones generales, es decir, **el 29 de octubre de 2016.** Véase, 16 LPRA sec. 4179(m).

derecho al voto de aproximadamente 800 electores que estarían impedidos de ejercer su derecho constitucional.

El trasfondo del asunto traído a la atención de este Tribunal consiste en una serie de impugnaciones para que determinados electores no puedan acogerse al derecho de voto adelantado por razón de sus condiciones de salud. En resumidas cuentas, las oposiciones consisten en varias alegaciones que se pueden agrupar en el cuestionamiento de la facultad del profesional que certificó los formularios por razón de no residir en el municipio del elector; o no tener oficina médica propia y por interpretarse que el facultativo no podía ejercer un juicio clínico sobre la dificultad de movilizarse de los electores hacia un centro de votación, entre otros errores clericales subsanables.[2]

Ante la falta de consenso de los comisionados electorales, la Comisión Estatal de Elecciones atendió el asunto y decidió sobre cada caso en particular lo que entendió procedía. Inconformes con ciertas determinaciones, el Comisionado del PNP instó

---

[2]Para fines de la concesión del remedio urgente solicitado por los peticionarios, aun asumiendo que las alegaciones de los comisionados locales que formularon las impugnaciones que nos ocupan son correctas, opino que procede, en esta etapa de los procedimientos, salvaguardar el derecho constitucional de los electores con problemas de movilidad y autorizar que procedan a ejercer su sufragio depositándose los mismos en un sobre cerrado individual, hasta que este Tribunal disponga en los méritos de la controversia. Ello, por entender que salvaguardarles el ejercicio del derecho al voto tiene mayor preeminencia, conforme al mandato de nuestro ordenamiento electoral, y no está reñido con cualquier dictamen posterior que proceda en derecho.

oportunamente el recurso correspondiente ante el Tribunal de Primera Instancia para que se resolviera definitivamente si procedía permitir a estos electores el voto adelantado.

II

Es norma arraigada en nuestra jurisdicción que el derecho al voto de todo ciudadano o ciudadana en todos los procesos está consagrado en la Constitución de Puerto Rico. Art. II, Sec. 2, Const. ELA, LPRA Tomo 1. Asimismo, la *Ley Electoral del Estado Libre Asociado de Puerto Rico*, Ley Núm. 78-2011, según enmendada, 16 LPRA sec. 4001 *et seq.* (Ley Electoral), afianza la expresión electoral, pues ésta representa el más eficaz instrumento de expresión y participación ciudadana en un sistema democrático de gobierno. Art. 2.002 de la Ley Electoral, 16 LPRA sec. 4002.

El derecho al sufragio es inviolable, a tal grado que no puede ser impedido a un elector a no ser por las disposiciones dispuestas en el estatuto u orden emitida por un Tribunal de Justicia con competencia. De esta forma, la Ley Electoral dispone que "no se podrá rechazar, cancelar, invalidar o anular el registro o inscripción legal de un elector o privar a un elector calificado de su derecho al voto mediante reglamento, orden, resolución o cualquier otra forma que impida lo anterior". Art. 6.006 de la Ley Electoral, 16 LPRA sec. 4066.

En aras de proteger el derecho al voto de todos y todas, la Ley Electoral atendió la situación particular de aquellos electores debidamente calificados que, por determinadas situaciones, no pueden ejercer su voto el día de las elecciones. Véase, Art. 9.039 de la Ley Electoral, 16 LPRA sec. 4179. De esta forma, la Ley Electoral estableció un proceso supervisado por medio de la Junta Administrativa del Voto Ausente (JAVA) para asegurar que estos electores pudieran ejercer su derecho al voto. En lo que nos concierne, las personas con impedimentos de movilidad (encamados) que cualifiquen podrán solicitar el voto adelantado. En los casos que el voto adelantado se solicite por razón de que el elector sufre de algún tipo de condición médica que le impida asistir a su colegio de votación, se provee un formulario para que **"el médico de cabecera o de tratamiento del elector certifique: que el elector presenta un problema de movilidad física que sea de tal naturaleza que le impida a acudir a su centro de votación"**. Íd; véase, además, Secciones 6.1 y 6.6 del *Reglamento de Voto Ausente y Voto Adelantado de Primarias 2016 y Elecciones Generales 2016* aprobado el 25 de mayo de 2006 (Reglamento).[3]

---

[3]Para conocer el Reglamento, véase http://ceepur.org/es-pr/Secretaria/Documents/ REGLAMENTO%20PARA%20EL%20VOTO%20AUSENTE%20Y%20ADELANTADO% 20ELECCIONES%202016.pdf.

Ciertamente, tanto la Ley Electoral como el Reglamento no imponen trabas mayores para que los electores con problemas de movilidad puedan ejercer su derecho al voto de forma adelantada. Lo único que se les requiere es la solicitud cumplimentada y una certificación de su médico de cabecera o un médico de tratamiento que certifique el impedimento de acudir al centro de votación. Asimismo, el *Manual de Procedimientos para el Voto Adelantado en el Colegio de Fácil Acceso en el Domicilio para las Elecciones Generales 2016*[4] aprobado el 11 de agosto de 2016, establece que el elector o una persona de su confianza gestione ante la Junta de Inscripción Permanente o en la página electrónica de la Comisión la solicitud para votar y que ésta será certificada por su médico de cabecera o de tratamiento. Además, requiere que la solicitud tenga la firma de cada elector, salvo que éste tenga impedimentos que no le permitan firmar o que no sepa leer o escribir, en cuyo caso podrá hacer una marca y una persona autorizada por él lo certificará como testigo. Por tanto, no existe en el Ley Electoral ningún requisito adicional, sólo el que un médico certifique que ese elector tiene un impedimento de acudir al centro de votación.

III

---

[4] Para saber con detalle las disposiciones del Manual, véase, http://ceepur.org/es-pr/EducacionyAdiestramiento/ Documentos%20de%20Java/Manual%20de%20procedimiento%20voto %20f%C3%A1cil%20acceso%20domicilio.pdf.

Ciertamente, le corresponde a este Tribunal atender de forma eficaz y oportuna si procede el voto adelantado de los electores ante nuestra consideración. Por ello, estoy conforme con el curso de acción de la Mayoría de este Tribunal en proveer un remedio adecuado, completo y oportuno. Véanse, Voto particular disidente emitido por el Juez Asociado señor Estrella Martínez en PNP v. ELA, res. 8 de julio de 2016, 2016 TSPR 160, 195 DPR ____ (2016); Voto particular disidente emitido por el Juez Asociado señor Estrella Martínez en Asoc. Abo. PR v. Gobernador I, 193 DPR 697, 699-701 (2015); Voto particular disidente emitido por el Juez Asociado señor Estrella Martínez en Rivera Schatz v. ELA y C. Abo. PR I, 191 DPR 470, 478 (2014); Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en AMPR et als. v. Sist. Retiro Maestros I, 190 DPR 77, 80 (2014); Voto particular emitido por el Juez Asociado señor Estrella Martínez en Alvarado Pacheco y otros v. ELA, 188 DPR 594, 646, 653, 657 (2013).

En lo que nos concierne, denegar el remedio urgente solicitado en el día de hoy atentaría contra la uniformidad de los trabajos electorales; crearía desorientación en el electorado y se alejaría del tratamiento dado a los votos impugnados. Denegar el remedio solicitado conllevaría ignorar la preeminencia en el reclamo de cientos de electores en cuanto a su impedimento para ejercer su derecho constitucional. En

atención a ello, estoy conforme con la certificación del recurso ante nuestra consideración, a fin de conceder el remedio solicitado. Es decir, que se permita a los electores ejercer el voto por adelantado desde mañana 29 de octubre de 2016 y que esos votos se recojan en un sobre cerrado individual con la correspondiente objeción hasta que este Tribunal decida si procede contabilizar los mismos, en aras de garantizar su derecho constitucional.


                        Luis F. Estrella Martínez
                           Juez Asociado